UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 07-198 |
| MICHAEL DECLOUET | * | SECTION L |

### ORDER & REASONS

Before the Court are two motions by *pro se* petitioner Michael Declouet: (1) Motion for the Appointment of Counsel, R. Doc. 155; and (2) Motion to Reduce Sentence Pursuant to the First Step Act of 2018, R. Doc. 156. Having considered the applicable law, the Court now rules as follows.

### I. BACKGROUND

On November 28, 2007, Defendant Michael Declouet pleaded guilty to counts one, three, five, and six of an Indictment, charging him with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and 2, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and carjacking in violation of 18 U.S.C. §§ 2119 and 2119(1). R. Doc. 43. On June 25, 2008, Mr. Declouet was sentenced to 240 month in the custody of the Bureau of Prisons. R. Doc. 106 at 2.

### II. PRESENT MOTIONS

On January 31, 2020, Mr. Declouet filed a motion requesting that the Court appoint him counsel "on ground of the new [S]upreme [C]ourt ruling of Davis v. U.S. § 924(c) case." R. Doc. 155. Subsequently, on February 10, 2020, Mr. Declouet filed another motion, stating that he thinks that the First Step Act applies to his case and his sentence should be reduced accordingly. R. Doc. 156.

1

**III.     LAW & ANALYSIS**

   *A. Motion for the Appointment of Counsel*

Unless an evidentiary hearing is required, there is generally no constitutional right to the assistance of counsel when seeking post-conviction relief. *See United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980); *see also Alford v. United States*, 709 F.2d 418, 423 (5th Cir. 1983) ("An indigent prisoner who is ordered to receive an evidentiary hearing upon his § 2255 petition is entitled to representation by appointed counsel at the hearing.") Nevertheless, 18 U.S.C. § 3006A provides federal district courts with the discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whether the interests of justice require the appointment of counsel depend in large part on the merits of the motion, the complexity of the legal and factual arguments raised by the petitioner's motion, and the capabilities of the petitioner. *United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980); *see also United States v. Emmons*, 154 F.3d 417 (5th Cir. 1998) (denying motion to appoint counsel where the issues presented were "straightforward"); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985) (denying motion to appoint counsel where petitioner's pro se brief addressed the relevant issues and pertinent facts, which were "not particularly complex').

Because Mr. Declouet only states that he is seeking appointment of counsel because of the *United States v. Davis*, 139 S. Ct. 2319 (2019) decision, the Court will evaluate whether he is entitled to counsel in light of the Supreme Court's ruling. In *Davis*, the Supreme Court addressed 18 U.S.C. § 924(c), which required that violators "face a mandatory minimum sentence of five years in prison, over and above any sentence they receive for the underlying crime of violence or drug trafficking crime." *Id.* at 2324. The Court held that "§ 924(c)(3)(B) is unconstitutionally

vague," in its definition of a "crime of violence." *Id.* at 2336. In Mr. Declouet's case, however, he was not charged or convicted under this statute. Rather, Mr. Declouet pleaded guilty to conspiracy to commit Hobbs Act robbery, committing a Hobbs Act robbery, possession of a firearm by a felon, and carjacking. R. Doc. 106 at 1. Mr. Declouet was not subject to a mandatory sentence enhancement, as he faced a maximum sentence of 240 months for counts 1 and 3 of the Indictment, which is the total sentence he received. R. Doc. 106 at 2. Based on the merits of Mr. Declouet's motion, as well as the relative simplicity of the legal argument he raises, the Court concludes that "the interests of justice" do not require the appointment of counsel in this matter.

### B. *Motion to Reduce Sentence Pursuant to the First Step Act of 2018*

"A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstance." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b)) (quotation marks and brackets omitted). One of those limited circumstances authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]" 18 U.S.C. § 3582(c)(1)(B). The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5194–249 (2018) ("First Step Act") is an example of a statute that allows courts to modify an imposed term of imprisonment. *See, e.g., United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019) (recognizing the First Step Act is similar to 18 U.S.C. § 3582(c), "which opens the door . . . for modification of previously imposed sentences for certain specified reasons"). In relevant part, the First Step Act includes the following provisions for sentencing reform: (1) Section 401 reduces and restricts enhanced sentencing for prior drug felonies; (2) Section 402 broadens the existing "safety valve" under Title 18 U.S.C. § 3553, which authorizes a sentencing court to consider a sentence below the statutory minimum for certain non-violent, low-level drug offenders; (3)

3

Section 403 amends and clarifies the language in 18 U.S.C. § 924(c) to reduce the mandatory minimums that apply to multiple violations of § 924(c) charged in the same indictment; and (4) Section 404 applies retroactively those provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010), that reduced crack cocaine penalties by increasing the threshold amount of drugs needed to trigger mandatory minimum penalties. 132 Stat. at 5194–249. The Fifth Circuit recognizes "the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed." *Hegwood*, 934 F.3d at 418.

In the instant case, Mr. Declouet fails to explain why he thinks he is entitled to a sentence reduction pursuant to the First Step Act and it is unclear to the Court why he would be entitled to such a reduction. Mr. Declouet was sentenced for conspiracy to commit and the commission of Hobbs Act robbery, possession of a firearm by a felon, and carjacking—none of which are offenses addressed by the First Step Act. Because the First Step Act only grants the Court "limited authority to consider reducing a sentence previously imposed," *see id.*, and none of the provisions of the Act are applicable in Mr. Declouet's case, the Court cannot modify Mr. Declouet's sentence pursuant to the First Step Act.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant Michael Declouet's Motion for the Appointment of Counsel, R. Doc. 155, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Michael Declouet's Motion to Reduce Sentence Pursuant to the First Step Act of 2018, R. Doc. 156, is **DENIED.**

New Orleans, Louisiana, this 12th day of February, 2020.

                                                         _____
                                                         Eldon E. Fallon
                                                         United States District Court Judge