UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NUMBER 07-198 |
| MICHAEL DECLOUET | * | SECTION L |

**ORDER & REASONS**

Before the Court is *pro se* Defendant Michael Declouet's Motion for the Appointment of Counsel. R. Doc. 162. The Government has responded in opposition. R. Doc. 166. Having considered the briefing and the applicable law, the Court rules as follows.

**I.    BACKGROUND**

On November 28, 2007, Mr. Declouet pleaded guilty to counts one, three, five, and six of an Indictment charging him with conspiracy to commit Hobbs Act robbery and Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and carjacking in violation of 18 U.S.C. §§ 2119 and 2119(1). R. Doc. 43. On June 25, 2008, Mr. Declouet was sentenced to 240 months in the custody of the Bureau of Prisons. R. Doc. 106 at 2.

**II.    PRESENT MOTION**

Mr. Declouet now moves this Court to appoint him counsel to assist him in making several post-conviction challenges to his sentence. Mr. Declouet asserts that the interests of justice require that he be appointed counsel because he may be entitled to relief under *United States v. Johnson*, in which the United States Supreme Court held that the Armed Career Criminal Act's (ACCA) "residual clause[,]" 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S.Ct. 2551 (2015). Mr. Declouet argues that, under *Johnson*, his prior convictions for

burglary of an inhabited dwelling no longer qualify as crimes of violence. Additionally, Mr. Declouet asserts that he may be eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A) because he has served seventeen years of his twenty-year sentence. Accordingly, Mr. Declouet seeks the appointment of counsel.

The Government opposes Mr. Declouet's Motion, arguing that the interests of justice do not require the appointment of counsel to assist Mr. Declouet in making the claims he proposes because the Supreme Court's decision in *Johnson* is inapplicable to Mr. Declouet's case, and because motions for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) are not factually or legally complex and are often filed by *pro se* defendants.

### III.   DISCUSSION

Except under limited circumstances not relevant to the instant motion, there is no constitutional right to the assistance of counsel for defendants seeking post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Nevertheless, 18 U.S.C. § 3006A provides federal district courts with the discretionary power to appoint counsel to indigent individuals seeking post-conviction relief, when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Whether the interests of justice require the appointment of counsel depend in large part on the merits of the claims sought to be raised by the defendant, the complexity of the legal and factual arguments raised by the defendant's motion, and the capabilities of the defendant. *United States v. Barnes*, 662 F.2d 777, 780 (D.C. Cir. 1980); *see also United States v. Emmons*, 154 F.3d 417 (5th Cir. 1998) (denying motion to appoint counsel where the issues presented were "straightforward"); *Schwander v. Blackburn*, 750 F.2d 494, 502 (5th Cir. 1985) (denying motion to appoint counsel where petitioner's pro se brief addressed the relevant issues and pertinent facts, which were "not particularly complex'). Accordingly, the Court must evaluate the merits of the claims Mr. Declouet

seeks to assert to determine whether the interests of justice require that he be appointed counsel to assist him in making those claims.

First, Mr. Declouet asserts that he is entitled to relief from his sentence under the Supreme Court's ruling in *Johnson*, 135 S.Ct. 2551 (2015). The ACCA enhances sentences for persons convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) if they have been previously convicted of at least three serious drug offenses or violent felonies. ACCA "violent felonies" are defined under 18 U.S.C. § 924(e)(2)(B) to include "any crime punishable by imprisonment for a term exceeding one year" that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the "elements" or "force" clause); or (2) is burglary, arson, or extortion, involves use of explosives ("enumerated crimes"); or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another (the "residual clause"). The ACCA's residual clause previously required sentencing courts to increase a defendant's sentence of conviction for a violation of § 922(g) from a statutory maximum of ten years incarceration to a minimum of fifteen years. However, in *Johnson* the Supreme Court struck down the residual clause because it found that it was unconstitutionally vague. 135 S. Ct. 2551 (2015). Accordingly, defendants whose sentences for possession of a firearm by a convicted felon under § 922(g) were increased pursuant the ACCA based on a prior violent felony conviction falling under the residual clause are entitled to some relief from their sentences.

Here, however, Mr. Declouet's sentence for possession of a firearm by a convicted felon ("Count 5") was not increased under the ACCA based on his prior convictions. As indicated by the Presentence Investigation Report (PSR), which was adopted by the Court at Mr. Declouet's sentencing and used by the Court as the basis for the sentence it imposed on Mr. Declouet, the

statutory term of imprisonment for Count 5 was a maximum of ten years, not a minimum of fifteen years as it would have been had the Court applied the ACCA's enhancement. *See* R. Doc. 147 at 20. Ten years, or 120 months, was the sentence imposed on Mr. Declouet for his Court Five conviction. *See* R. Doc. 106 at 2. Accordingly, Mr. Declouet's sentence was not increased under the ACCA's residual clause. As the Government argues, *Johnson* is thus inapplicable to Mr. Declouet's case, and does not provide him any meritorious basis to challenge his sentence.

Second, Mr. Declouet asserts that he may be entitled to relief from his sentence because, he claims, "burglary of an inhabited dwelling no longer qualif[i]es [as a] crime of violence[] due to [the] Supreme Court decision making the residual clause unconstitutional." As the Court has explained, the residual clause, and thus the Supreme Court's ruling in *Johnson*, is irrelevant to Mr. Declouet's case. However, in support of this claim Mr. Declouet also cites, without explanation, to *Beckles v. United States*. 580 U.S. 256 (2017). Accordingly, liberally construing Mr. Declouet's *pro se* motion, as it must, the Court will consider the merits of any challenge to Mr. Declouet's sentence under *Beckles*.

In *Beckles*, a defendant appealed his sentence for possession of a firearm by a convicted felon under 18 U. S. C. §922(g)(1) because the district court had concluded that he was eligible for a sentencing enhancement as a "career offender" under United States Sentencing Guideline § 4B1.1(a). Under § 4B1.1(a), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. If a sentencing court determines that the defendant is a career offender under § 4B1.1(a), the defendant's calculated offense level may be

increased, and the defendant's criminal history category shall be category VI. *See* § 4B1.1(b).

The defendant in *Beckles* argued that the term "crime of violence" in § 4B1.1(a), as defined in § 4B1.2, was unconstitutionally vague for the same reason as the ACCA's residual clause. However, in *Beckles* the Supreme Court held that *Johnson*'s holding does not apply to § 4B1.2's crime of violence definition, notwithstanding the similar language used in § 4B1.2 and the ACCA's residual clause. The Supreme Court held that the Guidelines, because they are merely advisory on a sentencing court and do not "fix the permissible range of sentences[,]" are not subject to due process challenges under the Fifth Amendment. *Beckles*, 580 U.S. at 263. The Guidelines, including § 4B1.2, merely serve to "guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Therefore, the *Beckles* Court found that the Guidelines are not subject to a void for vagueness challenge, and thus that § 4B1.2's crime of violence definition was not unconstitutionally vague.

In this case, the PSR determined that Mr. Declouet was a career offender based on (1) his age (over eighteen) at the time of the offenses to which he pleaded guilty; (2) his plea of guilty to Hobbs Act robbery, which it determined to be a qualifying felony crime of violence, and (3) Mr. Declouet's two prior convictions for burglary of an inhabited dwelling, which it also determined to be qualifying felony crimes of violence. R. Doc. 147 at 16. Because under *Beckles* § 4B1.2's crime of violence definition is not unconstitutionally vague, any claim Mr. Declouet might seek to raise arguing that Hobbs Act robbery and/or burglary of an inhabited dwelling are not qualifying crimes of violence under § 4B1.2 are without merit.

Additionally, as the Government points out, Mr. Declouet's designation under the Guidelines as a career offender did not in fact change his calculated Guidelines range in any way. § 4B1.1(b) explains that designation as a career offender increases a defendant's offense level "if

the offense level for a career offender. . . is greater than the offense level otherwise applicable[.]" Here, Mr. Declouet's calculated offense level before the application of the guideline pertaining to career offenders was 35. R. Doc. 147 at 13. Under § 4Bl.1(b), as a career offender Mr. Declouet's offense level would have been 32, which is lower than 35. Therefore, Mr. Declouet's designation as a career offender under the Guidelines had no effect on the computation of his offense level. Similarly, as a career offender Mr. Declouet's criminal history category under § 4Bl.1(b) would be VI. But Mr. Declouet's criminal history category under the Guidelines was already category VI before application of § 4Bl.1(b). R. Doc. 147 at 16. Accordingly, even if this Court could hold that Hobbs Act robbery and/or burglary of an inhabited dwelling are not qualifying crimes of violence under § 4B1.2, any such holding would entitle Mr. Declouet to no relief.

Finally, Mr. Declouet seeks the appointment of counsel to aid him in bringing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). § 3582(c)(1)(A)(i) allows for a Court to modify a defendant's term of imprisonment where, after considering the sentencing factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons warrant such a reduction[.]" In support of his motion for the appointment of counsel as to this proposed claim, Mr. Declouet states only that he "has been incarcerated for 17 years on a 20-year sentence." The fact that Mr. Declouet is close to completing his term of incarceration does not rise to the level of an extraordinary and compelling reason to warrant a reduction in his sentence.

Accordingly, Mr. Declouet has failed to convince the Court that the interests of justice require that he be appointed counsel to assist him in making any of the claims he proposes raise in his Motion.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Declouet's Motion for the Appointment of Counsel, R. Doc. 162, is hereby **DENIED**.

New Orleans, Louisiana, this 22nd day of June, 2023.

*Eldon E. Fallon*
United States District Judge